IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DEVON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1009-JDT-egb |
| | ) | |
| CORRECTION CORPORATION | ) | |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Devon Parker, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Joe Easterling, Deanne Mills, Dorothy Robertson, Joanne Henson, Kristy Lake, Lataya Brown, Natasha Taylor, Percy Herron, Latriver Lanier, April McKinnie and Angela Hembree violated his due process rights under the Fourteenth Amendment, both in connection with his attempts to be put to work and in the deprivation of his right to appeal the disciplinary charge against him. In addition, Plaintiff alleges that Defendants retaliated against him for filing grievances in violation of his First Amendment rights.

Defendants have filed a motion for summary judgment [DE# 112], and Plaintiff has filed a response to the motion [DE# 121]. Plaintiff has filed a cross motion for summary judgment [DE# 123], and Defendants have responded to Plaintiff's motion [DE# 132].

Plaintiff has filed a reply to Defendants' response [DE# 134].[1] For the reasons set forth below, Defendants' motion for summary judgment is GRANTED, and Plaintiff's motion for summary judgment is DENIED.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Revised Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another

---

[1] For the most part, in his reply, Plaintiff merely reiterates the arguments that he made in his motion to compel [DE# 110] which was denied on April 8, 2014 [DE# 139], and his motion to take various depositions [DE# 124] which was denied on December 31, 2013 [DE# 127]. Because these arguments were rejected in the orders denying Plaintiff's motions, the court has not considered them in making its ruling on the motions for summary judgment.

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

> In <u>Celotex Corp.</u>, the Supreme Court explained that Rule 56:
>
> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Defendant have presented the following statement of undisputed facts, with accompanying affidavits, declarations, and exhibits [DE# 112-2].

1. Plaintiff was an inmate at Hardeman County Correctional Facility during the relevant events.

2. After entering involuntary protective custody, on January 23, 2012, Plaintiff asked to be transferred from the kitchen job that he had while not in protective custody to a kitchen job in protective custody.

3. On January 27, 2012, Plaintiff was told that safety prerequisites had to be met before his name could be added to the kitchen register.

4. On February 3, 2012, Plaintiff filed a grievance alleging that Unit Manager Joanna Henson

4

and Kristy Lake were in violation of Tenn. Code Ann. §§ 41-21-207 and 41-24-110(5) and T.D.O.C. policy 505.07, which concern inmate jobs and placement. Plaintiff requested to be immediately assigned to a job and for no retaliation to be taken against him.

5. Deanne Mills responded to Plaintiff's grievance and stated that Plaintiff was on three job registers and would have to wait for a job to come available in protective custody. Plaintiff appealed the decision. It was decided on appeal that Plaintiff's name should be placed on the top of the list if he was on protective custody for "administrative purposes."

6. On March 12, 2012, Percy Herron, Latriver Lanier, and Joanna Henson searched Plaintiff's cell where they found a homemade weapon under a bunk. Plaintiff was charged with possession of a weapon. Plaintiff was found guilty at the hearing on March 14, 2012.[3] A disciplinary summary report was created at that time.

7. On March 19, 2012, a warden's directive was issued stating that Plaintiff's name "should be moved to the top of the list if he is on PC for administrative purposes."

8. On March 30, 2012, Plaintiff filed another grievance claiming that his due process rights were being violated because the warden's directive was not being followed. Plaintiff again requested to be placed in any unassigned job. It was held that Plaintiff was on three job registers and he would be assigned a job after his name moved to the top of the registers and there was an opening.

9. On April 4, 2012, Plaintiff filed another grievance alleging that his emergency grievance

---

[3] Defendants claim that Plaintiff pled guilty. Plaintiff contends that he pled not guilty and that Defendants' exhibit has been altered to reflect a guilty verdict. Pl's M. [DE# 123-1] at p. 4. The resolution of this dispute is not material to the outcome of the motions.

of March 30, 2012, had not been acted upon and that his previous grievance against Unit Manager Henson was being handled by Henson in violation of policy.

10. Dorothy Robertson responded to Plaintiff's grievance and explained that Plaintiff's complaint was not life-threatening, another inmate would not be dropped from a job to accommodate Plaintiff as jobs in protective custody were limited, and Plaintiff's name was "being moved to the top." Henson also issued a response explaining that she was not responsible for assigning jobs and that she had handled Plaintiff's grievance appropriately.

11. Plaintiff was offered a job in December 2012; Plaintiff refused to sign the job assignment paperwork without advice of counsel, thus, in effect, turning down the job.[4]

## Plaintiff's Motion for Summary Judgment [DE# 123]

Plaintiff states in his motion that "[t]here are genuine disputes as to any and all material facts and Plaintiff is entitled to summary judgment." Pl's M. [DE# 123] at p. 1. Plaintiff misunderstands the standard for granting summary judgment. As previously noted, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff cannot claim in his motion that there are disputes as to material facts in this case and, at the same time, argue that he is entitled to summary judgment because there are no disputed facts. Accordingly, Plaintiff's motion is DENIED.

## Defendants' Motion for Summary Judgment [DE# 112]

---

[4] Plaintiff is not represented by an attorney in this lawsuit.

Prison Job

Plaintiff alleges that Defendants' failure to give him a job while he was in protective custody violated his Fourteenth Amendment Due Process rights. Plaintiff's claim fails because it is well-settled that a prisoner has no constitutionally protected liberty interest in prison employment or a particular prison job. See Weinberger v. United States, 268 F. 3d 346, 361 n. 6 (6th Cir. 2001) (discretion vested in corrections officials to set conditions of prison employment precludes implication of a liberty interest); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir.2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989) (Precedent confirms that "[t]he Constitution does not create a property or liberty interest in prison employment ... [and that] any such interest must be created by state law by 'language of an unmistakably mandatory character.'"); Phipps v. Federal Prison Industries, Inc., 1987 WL 38286 at *1 (6th Cir.) ("a plaintiff has no property or liberty interest in federal prison employment which would entitle him to protection under the Due Process Clause"). And, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir.2007) (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 579 (1972)).

The directive issued by Defendant Warden Easterling, as well as Tennessee state law and T.D.O.C. policies do not create the liberty interest that Plaintiff claims. As explained in Rutledge v. Tennessee Dept. of Correction, 2013 WL 3830198 (M.D. Tenn), in the context of a prison job termination claim,

> Procedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation. Hewitt v. Helms, 459 U.S. 460, 471, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Levin v. Childers, 101 F.3d 44, 46 (6th Cir.1996) ("there is a fundamental logical flaw in viewing the process as a substantive end in itself"); Harrill v. Blount County, Tenn., 55 F.3d 1123, 1125 (6th Cir.1995) (state law cannot create a federal constitutional right); Spruytte v. Walters, 753 F.2d 498, 508 (6th Cir.1985) (violation of state law does not by itself constitute deprivation of due process). After Sandin [v. Conner, 515 U.S. 472 (1995)], it is clear that mandatory language in prison regulations does not create a liberty interest protected by the due process clause. Rimmer—Bey v. Brown, 62 F.3d 789, 790–91 (6th Cir.1995). Thus, to the extent that the complaint asserts that the defendants did not comply with TDOC regulations in connection with the termination of the plaintiff's prison job, the plaintiff has not suffered any deprivation of due process because of such noncompliance.

2013 WL 3830198 at *2. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's job assignment claim.

Disciplinary Action/Grievances

Plaintiff claims that he was denied due process as the result of a disciplinary action, including a withdrawal of good time credits. He also claims that the disciplinary action was in retaliation for the grievances that he filed concerning his job assignment and that the grievances were not handled correctly.

The undisputed facts show that, on March 12, 2012, Plaintiff's cell was subjected to a search, and he was ordered to move to a different cell. Plaintiff admits that a knife was found in the cell but denies ownership. Plaintiff admits that a hearing was held two days after the search, that he was allowed to introduce evidence during his hearing, and that a disciplinary hearing summary report was created by the disciplinary board.

Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. at 676; see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Grinter v. Knight, 532 F.3d 567, 575-76 (6th Cir. 2008); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996); see also George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

The participation of Defendants in investigating, processing, or denying Plaintiff's grievances cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension. Simpson v. Overton, 79 Fed. Appx. 117, 2003 WL 22435653 (6th Cir. 2003); see also Martin v. Harvey, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001)("The denial of the grievance is not the same as the denial of a request to receive medical care."). Section 1983 liability may not be imposed against a defendant for "a mere failure to act" based upon information contained in the grievance. See Shehee, 199 F.3d at 300; Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).

Plaintiff also has no cause of action against any Defendant for failing to investigate

or take remedial measures to the extent they were aware of Plaintiff's grievances or complaints. Although failure to investigate may give rise to § 1983 supervisory liability, see Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) and Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in Walker and the analysis in its progeny teach that evidence of the "failure to investigate" can establish municipal liability only. In Dyer v. Casey, 1995 WL 712765, at **2 (6th Cir. 1995), the court stated that "the theory underlying [Marchese and Lucas (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In Walker, the Sixth Circuit distinguished Marchese because the court "imposed the broad investigative responsibilities outlined in Marchese upon the Sheriff in his official capacity." Walker, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act."). In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

Young v. Ward, 1998 WL 384564 *1 (6th Cir. 1998).

A Fourteenth Amendment procedural due process claim depends on the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of

Youngstown, 11 F.3d 652, 656 (6th Cir. 1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Confinement to segregation, the loss of package privileges, fines, and restitution do not constitute an atypical and significant hardship in the context of prison life. See Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

Plaintiff appears to seek the restoration of sentence credits; therefore, the duration of his sentence was affected by the disciplinary action. He may not challenge the procedures followed in the disciplinary hearing with a § 1983 action. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended Heck to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. Id. at 646. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. Huey v. Stine, 230 F.3d 226, 230-31 (6th Cir. 2000), overruled in part by Muhammad v. Close, 540 U.S. 749, 754-55 (2004) (Heck does not apply if the prisoner's lawsuit does not threaten any consequence for the plaintiff's conviction or the duration of his sentence). Plaintiff may not invoke § 1983 to challenge the disciplinary conviction until the conviction is overturned.

Tennessee law provides for judicial review of prison disciplinary proceedings.[5] See Tenn. Code Ann. §§ 27-8-101, 102; Bishop v. Conley, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994). After exhausting state court remedies, a prisoner may seek federal habeas relief to restore good-time credits. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). A prisoner who succeeds in overturning his disciplinary conviction can bring a § 1983 due process claim. See Edwards, 520 U.S. at 648. See also Schilling v. White, 58 F.3d 1081, 1087 (6th Cir. 1995) ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). Thus, Plaintiff's claims arising from a conviction that has not been invalidated are not presently cognizable.

Finally, Defendants have refuted Plaintiff's allegations that he was denied due process as a result of his disciplinary hearing, and Plaintiff has failed to point to countervailing evidence showing disputed issues of material fact. To support his claim, Plaintiff must allege that he did not receive: (1) written notice of the hearing at least twenty-four hours in advance; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Additionally, to establish a deprivation, there must

---

[5] The proper vehicle for challenging a disciplinary action is a petition for a common law writ of certiorari, and the petition must be filed within sixty (60) days of the challenged action. Rhoden v. State Dep't of Corr., citing Bishop v. Conley, 894 S.W.2d 294 (Tenn. Crim. App. 1994).

be a total lack of evidence to support the disciplinary conviction. <u>Superintendent, Mass. Correctional Inst., Walpole v. Hill</u>, 472 U.S. 445, 455-56 (1985).

The undisputed facts do not support Plaintiff's contention that his constitutional rights were violated. After he was charged with possession of a weapon, he was provided a hearing and a disciplinary summary report was generated after Plaintiff was found guilty, as discussed above. Defendants are entitled to summary judgment on this claim.

<u>Retaliation</u>

Plaintiff alleges that he was retaliated against for filing an emergency grievance. Prison officials may violate a prisoner's substantive due process rights if they retaliate against the prisoner for exercising his First Amendment rights to file a grievance or a lawsuit. <u>McLaurin v. Cole</u>, 115 F.3d 408, 410–11 (6th Cir.1997) (retaliation for filing a grievance for placing shampoo and butter on an inmate's legal materials); <u>see</u> <u>also</u> <u>John L. v. Adams</u>, 969 F.2d 228, 231–32 (6th Cir.1992) (a prisoner's right to file a lawsuit is protected by the First Amendment). When a prisoner brings a claim of retaliation, the prisoner must show that the exercise of the right was a substantial or motivating factor behind the allegedly retaliatory conduct and that the retaliatory conduct was "shocking to the conscience." <u>McLaurin</u>, 115 F.3d at 411.

<u>Heck v. Humphrey</u> and <u>Edwards v. Balisok</u> preclude any retaliation claim for the weapon possession conviction. If this court found that Defendants retaliated against Plaintiff by bringing a false charge, that finding would invalidate the disciplinary board's finding of

guilt.[6] See Jackson–El v. Winsor, 986 F. Supp. 440, 444 (E.D. Mich.1997) (A finding by a federal court that an officer planted a knife in a prisoner's room and falsified the misconduct ticket in retaliation for engaging in protected First Amendment activities "would necessarily imply the validity of the hearing officer's determination that plaintiff did in fact possess the knife"). Consequently, Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

In summary, Plaintiff's motion for summary judgment is DENIED, and Defendants' motion for summary judgment is GRANTED. The clerk is DIRECTED to enter judgment. IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[6] Whether Plaintiff was denied a job in retaliation for filing grievances is the subject of another lawsuit. See Devon Parker v. Joanne Henson, et al., 13-1017-JDT/egb (W.D. Tenn. 2013).